FRED W. JONES, Jr., Judge,
dissenting.
The driver of the Patel vehicle and her passenger (a sister) both testified that the driver’s view of traffic coming from the left on the highway was obstructed by the parked P & O Falco truck. Ms. Herring, driver of the pickup truck that struck the Patel car, testified that the parked truck blocked her view of the Patel automobile and there was “no way for Patel to see her.” Willis Cox, a college student parked in front of the restaurant, also stated that the truck obstructed Ms. Patel’s vision to her left.
Patrolman Jackson, who came to the accident scene soon after it occurred, testified that the parked truck obscured Ms. Patel’s view of traffic coming on the highway from the south.
Not a single eyewitness testified that Ms. Patel had an unobstructed view to her left of traffic on the highway.
The only contradiction to that testimony came from Ray Herd, an accident reconstruction expert who visited the accident scene some months later.
Discounting the Herd testimony, the trial judge reasoned that “the truck could not have been where Mr. Herd placed the truck.” After noting and accepting Ms. Herring’s testimony that she could not see the Patel car, the trial court added:
*189 “If it were as Mr. Herd pointed out, she would have been able to see the Patel vehicle, because the line of sight would have presumably been about the same.
Assessing percentages of negligence, the trial court concluded by placing “eighty-five percent on the P & O Falco truck which was parked in such a position as to create an unreasonable risk of harm to those pulling out of Stark’s Restaurant....”
The majority view, based upon an acceptance of the testimony of the accident reconstruction expert, rejected the testimony of the Patels, Ms. Herring, the eyewitnesses and the factfinding of the trial judge.
With reference to the testimony of expert witnesses, we pointed out in Taylor v. Dixie Dandy, 493 So.2d 654 (La.App. 2 Cir.1986):
“With regard to expert testimony, the trial court is not bound by such testimony. Rather, expert testimony is to be weighed by the court the same as any other evidence. The weight which is to be given to the testimony of an expert is to be determined by his qualifications, experience in the field and the facts upon which his opinion is based. The trial court is accorded considerable discretion in the acceptance or rejection of expert testimony.”
Deferring to the trial judge’s assessment of witness credibility, I cannot say that he was clearly wrong in his factfinding that Ms. Patel’s vision to her left of northbound traffic on the highway was obstructed by the parked truck belonging to P & O Falco. Therefore, I respectfully dissent.